the state of Illinois plaintiff's athlete, Attorney Cody Walsh, defendant of Helen. On behalf of defendant Helen, Attorney Jessica-Laine Arizo. On behalf of plaintiff's athlete, Attorney David A. Berghardt. Thank you. Ms. Arizo. May it please the court, again Jessica Arizo on behalf of Cody Walsh. In 2000 the legislature created the sentencing enhancement statute for the use of a firearm during a serious felony. And the intent according to the Supreme Court and SHARP, the intent of the statute was in response to the fact that the use of a firearm during serious felonies is a deep concern. Especially considering the possibility for potential harm to an innocent bystander during the commission of the felony when the firearm is discharged. Now, when a firearm is discharged, as it was in this case, that results in a death, the sentencing range for the add-on alone is 25 to life. So your client was eligible for a stacked life term, correct? He was eligible for life on the murder itself because the jury found that the murder was accompanied by exceptionally cruel or heinous behavior indicative of violent cruelty, correct? Right, he was eligible for an extended term based on that, but the judge sentenced him on the base sentence to life. But basically he was eligible for consecutive life sentences. Correct. Now, was this argument that you're making made to the trial court? No, it was not. Then which point of plain error are you arguing applies here? Well, we're arguing that the error by the judge in using the improper factors was so egregious to deny Walsh a fair sentencing hearing. As you say, it was not preserved in that way by the trial judge, I'm sorry, by trial counsel. She argued only excessive sentence in her motion to reconsider. The sentence was 45 years, wasn't it? The base sentence was 55, and then the add-on was 45. And the add-on was the part relating to the firearm? Correct. What do you think would have been a sentence that wasn't egregious? Well, I guess the egregious part here is not just the sentence, but the fact that the judge used improper factors. Well, let's assume that this was a pristine, virginal case. He would have gotten at least 25 years. Correct, yes. So we're talking about somewhere between 25 and 45 years, a range of 20 years, where this becomes egregious. So do we take the bell curve and say that he should have been sentenced to 35 years and anything more than 35 was egregious? Well, it's difficult to say because, again, the judge did not use improper factors. Our argument is that the fact that the judge here used the defendant's background, that he used these prior offenses in his background, to get to the 45 years, that's the error here. Isn't there a third district case that says something to the effect that that's not error? I'm not sure which case you're referring to. I'm not sure I am either, but I'm thinking of a third district case. Okay, I don't know if there's a third district case. I'm not familiar. I don't think that either of us cited that case. How about what the Illinois Supreme Court said in Sharpe? They don't specifically address this issue. Sharpe was a different issue, correct? Correct. But what the court did say in Sharpe was the add-on, the 15, 20, 25 to life provision, is there because of the social ill being addressed by the merits of the penalty imposed. And here the court looked at the defendant's history of using firearms, correct? Correct. So I'm wondering if also a logical argument that the court was following Sharpe. He was tacking on more time because the defendant had a history of gun violence. But Sharpe doesn't specifically talk about history of gun violence. It talks about gun usage during the commission of the offense at hand. It talks about the risk to innocent bystanders in the offense at hand, not what happened four years prior. When you're talking about the offense at hand or the case, specific cases, you look at the entire history of the offender as well as the offense at hand, correct? Well, when you're determining the base sentence, yes. Traditional sentencing. For the traditional sentence. And what the court said in Sharpe is the 15, 20, 25 to life add-on, quote, addresses the social ill being addressed, merits the penalty imposed. The social ill being addressed merits the penalty imposed. The history of gun violence. Do you don't think that that's an appropriate consideration? I don't think that for the add-on, no, I don't. I think that the add-on based on Sharpe, based on case law after that, suggests that it should be based on what happened here, how was the gun used here, not how the gun was used by the defendant in the prior case. Well, let me ask you this. What factors should the court consider? The court should consider, as I just said, how the gun was used in this case, how the gun was used in whatever case they're dealing with. In a situation where a defendant is shooting out in public and there's many people at risk, as Sharpe stated, the concern is random people being shot. Is that all? No. Is that the only thing that the court should consider in determining whether or not it should add on, or excuse me, not whether or not it should, but the amount of time to be added on? Also, things that they consider is the injury that results, the circumstances of the injury or death, things that pertain to what happened in that specific facts of that incident. So it's not the factor per se, but that it's limited to only what happened in this particular case, not the prior criminal history? That's our argument. Correct. So it's your position then that if this was the one and only instance where a gun was used and before that it was a pea shooter, or he stuck his finger in his pocket to pretend like he had a pea shooter, that those facts couldn't be used in mitigation or shouldn't be argued by defense counsel to attempt to establish a lesser penalty than 45 years? I would argue that that could be used in determining the base sentence, determining mitigation for the sentence for the offense of murder. The add on should not go to the background. So essentially when you talk, it's your position then that for purposes of determining aggravation and mitigation, with this firearm offense, the only thing that is admissible is the offense in its singularity? And for the add on that offense. Is there any authority for that proposition? You know, there isn't really any precedent on this issue at all. The cases that we cited sort of talk differently. Is there any authority on the proposition in any situation of drug use, drug delivery, transporting minors for illicit purposes, concealing a homicide? Is there anything anywhere that suggests that there should only be a review of the transaction for purposes of determining what the sentence should be? I mean, the fact of this add on is a unique circumstance. And then in the examples that you provide, we're just talking about a base sentence. Well, it's not unique. It's singular. But there's nothing unique about getting shot and killed with a gun. No, but I mean the add on itself is unique. The add on is not available in those types of cases that you're talking about, drug cases. There we're just dealing with the base sentence, and the statute is clear. For a base sentence, what you can consider an aggravation and mitigation. We just don't have guidance as to what can be considered for this add on. And that's what we're asking this court to help determine for the trial courts, to how do they determine where within the range to put this? Where between the 25 and life? Because there's just no guidance for them. If we were to agree with you, would we also vacate the 55 years? No, we're not asking for that. We're only arguing that the – But wouldn't we vacate the entire sentence in light of the trial court's comments and what you've argued here? I mean, I guess what we ask is for a new sentencing hearing. I guess we consider all of it. But the main argument we're making, the error here, we're not arguing that the 55 was error. We're arguing specifically that the add on was error. And the thrust of your argument, which is unclear, is that the trial court considered the totality of this defendant's criminal history in determining the amount of the add on. Yes, and that's clear from the record. The judge specifically stated that the reason for giving more than the 25 years was twofold, so the 2008 shooting and the recovery of the AK-47 when he was arrested. It was those two things that the judge specifically stated. But when determining the 55, which you concede is not error, didn't the court also consider the offense at hand? Yes. And are you believing that that's improper also or not? No. So it's just so, again, it's unclear. Okay, sure. The court can look at the offense before it and use all of those factors in aggravation as well as mitigation in determining the 55, but then should only look at the offense at hand in determining the add on. Right, that's correct. So you're really not arguing a double enhancement? Only, well, it's not double enhancement in the way that, like, as Sharp discussed. It's a different kind of double enhancement because we're just saying that the statute allows for the permissible double enhancement to be allowed to be considered both the use of a gun, the fact that the gun was used both in the base sentence and, again, in the enhancement. That's what the legislature wanted. They wanted there to be a double usage of that factor. The statute does not specifically allow for such a usage of the prior history of the defendant for the base sentence and, again, for the add on. I think the problem I'm having is where in your briefs do you really argue plain error? I mean, you make just a boilerplate statement, but you don't argue there was plain error here. What's egregious about his sentence? He was eligible for consecutive life terms for the offense itself and then for the add on. So what's egregious about 45 or 55 and 45? As I stated previously, it's not necessarily just the amount of the sentence. It's the fact here that the judge used improper factors in our offense. So that's egregious when a judge looks at an improper factor. That's egregious.  That means that the defendant did not receive a fair sentencing hearing. The judge used factors he should not have used. And so how can you say that that was a fair sentencing hearing? Well, it's not. The terminology is you have to show that the sentence was egregious. It was so egregious that he was denied a fair sentencing hearing. How can you say 55 and 45 is egregious when he could have gotten life and life? That's correct. But the fact that the judge used the improper factors is what makes it egregious in our understanding. I mean, you can argue that a sentence is egregious even if it's below the maximum. He doesn't have to get the maximum for us to make that argument. Here it's egregious because the judge improperly relied on factors he should not have relied on. Are there any further questions? Okay. We just asked that this court vacate the sentence in remand for a new sentencing hearing before a different judge. Thank you. Well, I have a question now. Sure. Why before a different judge? Because he's not here anymore or what? Oh, no. The argument is that because the judge used improper factors, it should be before a judge that doesn't already have a predisposed idea of what sentence he would want to give the defendant. Thank you. Okay. Thank you. Mr. Bernhard. Good morning, Your Honors. I guess my first statement is if the legislature wants us to use the firearm as a double enhancement that they want to make this a severe penalty, why wouldn't they want to use the criminal history, too, to make that penalty more severe? The fact that this defendant had previously shot at a car and then had a fully loaded AK-47 in the car he was arrested, where he ran from after he was arrested or before he was arrested, I think that's really an important element and something that the trial court should have looked at when, you know, enhancing that add-on provision. It wouldn't make sense. You know, the legislature specifically said it. They had a statement of intent that we acknowledge we're telling you why we want this. We want the most severe sentences for people who use firearms. It makes perfect sense. And the trial court stated, said, I'm going to use that AK-47 and that previous shooting in the car, I'm going to use that to enhance the add-on provision. I think that's perfectly logical and perfectly allowed under the legislature's intent. Also, they say there's no guidance here, but there was guidance. We had the aggravating factors, the mitigating factors. I cited in Section 3.1 and 3.2 where they actually demand that the criminal history and surrounding circumstances of the defendant are looked at to form sense. If I'm complicated about what the legislature's intent was, could you maybe elaborate on what the legislature's intent was relative to imposing or having a judge impose a life sentence for a firearm use? I'm not sure what you're asking me on it. Well, you've related to us what you think the legislature is intending, so I'm asking you, what do you think they were thinking about when they decided, number one, to come up with a possible life sentence for a use of a firearm, and then the possible inconsistency between a life sentence for the use of the firearm  I think they, I think if it was, if I looked at the legislative intent in this case, I think that in what happened in the criminal history of this defendant, I think they would have demanded a life, natural life sentence for this defendant, or the 60-year sentence, at least, under the initial first-degree murder, and a life sentence on Yada, because they want to put these people away for the rest of their lives to protect society and deter the use of firearms in our society. And that was their intent. Now, in Butler, they talk about, and it's not really a holding, but the appellate court cites approvingly to the fact that the trial court was developing a sentence for the murder case in Anon that they looked at both the aggravating and the mitigating circumstances in that case, and that's in paragraph 32 and 33 of Butler, if you want to go back and look at that. They didn't separate, and the trial court in that case did not separate the criminal history from the Anon and the criminal history in the original sentence on the first-degree murder. And I think that's just another reason why the trial court was correct in applying these factors, or specifically the factor of the firearms. It's a factional and overall sentence that makes sense in light of the Anon. Correct, correct. And I think the trial court, you know, I don't know what he was thinking. I think he would have been perfectly, or it would have been perfectly, what's the word?  Reasonable. Thank you, Yannick. Reasonable to apply life sentences in both these cases. The case was sufficiently heinous. You know, he shot this person who did absolutely nothing to him. Are you aware of an instance where the court in sentencing the defendant doesn't consider rehabilitation, recidivism, the totality of the circumstances of this particular individual so as to give this individual a sentence that's consistent with his background and history? No, I think in the cases I read, the trial court usually mentions the fact that these looked at the rehabilitative potential there, but it certainly doesn't outweigh the heinousness of the crime. And I think there was that balancing, and it wasn't much of a balancing. Have you ever seen a case that relates to disallowing, mitigating facts that would indicate that this was a first-time offense? Not in my memory, no. How good is your memory? Fair to middling. How long have you been a lawyer? 31 years. There's a lot of cases in that. Or 32 years. Well, sometimes the law does not allow for consideration of certain mitigating factors when the punishment is mandated, correct? That's correct, yes. Is it mandatory minimum? Yeah, mandatory minimums and, in fact, the firearm add-on. Correct. Other than that, I just don't think there's anything more to say I think is totally correct for the trial court. Well, I don't know that I heard any comment about how this is or isn't egregious. Well, it certainly, well, the fact is I think the trial court balanced it. The fact that I think he could have, or it could have given natural life sentences in both instances I think shows that there's nothing egregious about this sentencing. In fact, it was kind of shocking that he only gained 45 years on the add-on, considering the heinousness of the crime. Am I correct in thinking that when we are supposed to be considering egregious procedures or whatever they're called, that we don't consider prejudice, whereas if we consider the other aspect of plain error, we have to consider whether or not the proceedings would have been different? Craig, closely balanced. So the egregious argument doesn't require an establishment of prejudice, is that correct? I think, well, I think that the whole proceeding is so outrageous and egregious that I guess would cause a prejudice to the defendants, not to that particular defendant, but. To the system. To the system itself, yes. We basically say this is a do-over. Correct, correct. Okay. Yes. If there are no other questions, then thank you. I just wanted to make two quick points. Justice McLaren, you asked counsel about the legislature speaking to when a situation would be appropriate for a defendant to receive the life add-on. And as far as my research, I don't think that they did speak to that. And I think that's the problem. We have this range, 25 to life, and we don't know, the child judges don't know where to put the sentences under that. And also, regarding Butler, in Butler, the court also stated that the range, 25 years to life, in their opinion, should be based on the injury caused by the firearm in that offense. They didn't specifically say that the court should consider for the add-on the prior offense of the defendant. Is it more phrased, though, that they could consider the injury of the case at hand, but didn't go so far as to say to the exclusion of criminal history? Right, correct, because that wasn't an issue in that case, correct. Okay. Are there any other questions? Am I correct in thinking that your argument relates to the procedure being so bad that you don't have to write this, which then means that we don't get into whether it's 25, 35, or 45? Correct, it's just that a new sentencing hearing needs to take place, correct. Okay. I have no further questions. Okay, then we would just ask that the sentence be vacated and renewed as soon as possible. Thank you. Thank you. The case will be taken under advisement. Court is adjourned.